IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MUHAMMAD RAHEEM TAQWA
EL SUPREME KALIFA,

    Plaintiff,

v.                                            CASE NO. 4:13-cv-18-RH-GRJ

STEPHANIE TREDINICK, et al.,

    Defendants.
_____/

## O R D E R

Plaintiff, a state prisoner incarcerated at Everglades Correctional Institution in Miami, Florida, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] (Doc. 1.) Plaintiff's claims stem from incidents that occurred while Plaintiff was confined in the Martin Correctional Institution, in Indiantown, Florida. The named Defendants are corrections officers at Martin C.I.

Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Martin Correctional Institution is within the Southern District of Florida, Fort Pierce Division. Because the events giving rise to the claims

---

[1] Of note, Plaintiff failed to disclose any prior federal cases on his civil rights complaint form, which was completed under penalty of perjury. However, a review of PACER reflects that Plaintiff has approximately 13 prior federal cases in the Middle District, filed under his former name Roy James Wesley, Jr. (DOC inmate #119886) and one prior habeas petition filed in the Middle District under his current name Muhammad Raheem Taqwa El Supreme Kalifa (DOC inmate #119886).

occurred in the Southern District where the only defendants are also found, this case should have been filed in the Southern District. See 28 U.S.C § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." In view of the fact that the Plaintiff is a prisoner proceeding *pro se,* transfer of this case rather than dismissal would be in the interests of justice.

In light of the foregoing, pursuant to 28 U.S.C. § 1406(a) this case is **TRANSFERRED** to the United States District Court for the Southern District of Florida, Fort Pierce Division.

**DONE AND ORDERED** this 17th day of January 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge